318

·Nissen and others, Plaintiffs, vs. Donohue, Defendant, and four other cases.

*November 9—December 6, 1955.*

For the plaintiffs there was a brief and oral argument by *Lawrence A. Willenson* of Milwaukee.

For the defendant there were briefs by *Runkel & Runkel* of Port Washington, and oral argument by *Paul D. Runkel.*

STEINLE, J.  The defendant's principal contention on this appeal is that the trial court erred in limiting the consideration at the new trial merely to the item of damages for depreciation or diminution of rental or usable value of the

property of the respective plaintiffs, as referred to in question 9 of the special verdict. Defendant maintains that the issues are not severable, and that in the interests of justice, all of the issues ought again to be submitted for the jury's consideration at the new trial.

It is the position of the plaintiffs that the trial court erred in granting a new trial. They maintain that they are entitled to judgment upon the verdict. However, in the alternative, they submit, that in the event that a new trial with reference to the damages sustained by the plaintiffs in relation to their property rights or privileges, other than for physical-property damage sustained, is to be held, that they are entitled to a determination not only as to the diminution of the usable value of the property during the continuance of the nuisance, but also as to damages for the loss of comfortable enjoyment of plaintiffs' premises and for annoyance, discomfort, and inconvenience. They contend also that they are entitled to punitory damages.

No competent evidence was presented at the trial with reference to the subject of diminution or depreciation of the rental or usable value of the plaintiffs' property. The court properly determined that the jury's answer with respect to question 9 could not stand. The court found that a miscarriage of justice would result were the plaintiffs not to be entitled to a determination of such consideration upon competent evidence. It was for such reason that the court granted a new trial.

In its contention that the issues are not severable and that it will not be in the interests of justice to grant a new trial only with reference to the limited consideration embraced in question 9 of the special verdict, the defendant points out that:

"In any event, a new trial on the issue of damages as set forth in question 9 of the special verdict will require a com-

plete retrial using the same evidence as was used at the original trial on all the issues of the case, except the limited issue raised by questions 6 and 7 of the special verdict which related to physical-property damage.

"Under question 1 of the special verdict, in order to determine that there was an unreasonable emission of disagreeable odors from the dump, evidence must be produced showing the extent, persistency, and amount of odors.

"Under question 2 of the special verdict, the identical evidence is required to prove that the odors were an efficient cause of the physical discomfort of the plaintiffs.

"Under question 3 of the special verdict, the same evidence will again be used to determine that the odors were or were not an efficient cause of plaintiffs' physical discomforts.

"Under question 4 of the special verdict, which relates to the impairment of the property rights and privileges of the plaintiffs, the same evidence is again used.

"Under question 5 of the special verdict, again the evidence as to the intensity, degree, and effect on the persons themselves is necessary to prove that the odors caused the injury to the property rights of the plaintiffs.

"Question 6 of the special verdict stands alone as not being related directly to the effect of the odors on the persons of the plaintiffs. This is also true of question 7.

"It must necessarily follow that the true measure of damages, if any, which the plaintiffs have suffered under the limited issue of damages raised in question 9 of the special verdict is dependent not on the previous answers of the jury as to the question of liability, but must depend upon all the evidence, including the evidence which defendant's witnesses offered showing that the odor had little effect upon them.

"A new trial, therefore, limited to the proof of damages only, would not bring before the jury sufficient facts to render a just verdict."

It is considered that the defendant's position in this regard is reasonable and sound. We are of the opinion that the interests of justice require that a new trial be granted upon all issues raised under the pleadings.

Since a new trial on all issues must be ordered, we deem it unnecessary to determine the question raised by the plaintiffs on their appeal.

*By the Court.*—Orders reversed, and cause remanded with direction that there be a new trial with respect to all issues under the pleadings.